MATOAKA REALTY COMPANY, Plaintiff, *v.* CHEVROLET MOTOR COMPANY OF NEW YORK, INC., Defendant.

First Department, April 4, 1919.

**Landlord and tenant — lease with option to purchase construed — liability of tenant after purchase for payment of interest on sums advanced by landlord for alterations.**

A lease provided that the tenant during the period covered thereby would pay to the landlord interest on all sums paid by the latter to the tenant for alterations, and that said interest should be paid monthly as part of and in addition to the rent reserved. It was also provided that the tenant should have the option of purchasing the premises for a certain amount, " the net rents hereinbefore reserved to be apportioned as of the date of transfer of title." Provisions of the lease construed, and *held*, that the tenant upon purchasing the premises was not bound to continue to pay interest on the sum advanced by the landlord for alterations during the remaining period of the lease, since the purchase price was fixed with that in view.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 1279 of the Code of Civil Procedure.

*Frank M. Patterson* of counsel [*John B. Loughborough* with him on the brief], for the plaintiff.

*Henry F. Herbermann* of counsel [*John Thomas Smith*, attorney], for the defendant.

SHEARN, J.:

On March 16, 1917, plaintiff, as landlord, and defendant, as tenant, entered into a lease whereby the former leased to the latter certain premises at Broadway and Fifty-seventh street, at a yearly rental of $38,000, payable " in equal monthly installments in advance on the first day of each and every month during the term of said lease," and for a period of ten years from October 1, 1917. The lease provided that the tenant should not make any alterations or additions to the premises without the written consent of the landlord, and then provided as follows:

" *Third.* The landlord will, during the period covered by

this lease, upon the written request of the tenant, made not later than the first day of January, 1918, pay to the tenant the amount of such expenses, not exceeding the sum of Twenty thousand ($20,000) dollars, as shall have been made or incurred by the tenant for such alterations to the building on said premises as may be made by the tenant with the prior written consent of the landlord; and the tenant will during the period covered by this lease, pay to the landlord interest at the rate of six (6%) per cent. per annum on all sums paid by the landlord to the tenant for such alterations, pursuant to this third paragraph hereof, said interest to be computed from the respective dates of the said payments by the landlord, and paid monthly as part of the rent reserved herein and in addition to the said sum of Thirty-eight Thousand ($38,000) dollars, hereinbefore mentioned."

The plaintiff has paid to the defendant the $20,000 above specified, and defendant paid to plaintiff $100 per month from the time of such payment down to the 1st of October, 1918.

The lease also provided that the tenant should have the option or privilege of purchasing the premises within one year from the 1st day of October, 1917, for the sum of $800,000, less the total amount of principal and unpaid interest of the mortgages on the premises at the time of the purchase, " the net rents hereinbefore reserved to be apportioned as of the date of transfer of title."

The lease also provided for the payment by the tenant of all taxes, assessments, water rents and insurance.

On September 30, 1918, the defendant exercised its option to purchase the premises, and on that date plaintiff executed to defendant a deed of said premises, subject to the lease above referred to, and to a certain mortgage.

The contention of the plaintiff is that the tenant, although now the owner of the premises, is still liable to plaintiff for the interest on the $20,000 advanced by plaintiff for alterations made by defendant. It contends that the provision that such payment should continue during " the period covered by this lease " should be construed as of the time the lease was made, and that the period contemplated was ten years from October 1, 1917. The same contention could be made

in regard to the agreement to pay the other rent reserved under the lease, for it is provided that such other rent shall be paid " on the first day of each and every month *during the term of said lease;*" and the lease defines the term of the lease as follows: " for the term commencing at twelve o'clock noon on the first day of October, 1917, and ending at twelve o'clock noon on the first day of October, 1927."

Plaintiff contends that the payment of the $20,000 was for the benefit of defendant, and that plaintiff could derive no benefit therefrom until after the termination of the lease in 1927, and that, therefore, it was intended that defendant should continue to pay the interest for that period. But the purchase price was undoubtedly fixed with the expenditure of this $20,000 in view, and plaintiff has benefited already thereby, as the sale has been made. The lease plainly contemplates that substantial alterations are to be made, which will enhance the value of the property, and in view thereof additional rent was exacted, to be admeasured by a fixed percentage of the cost of such repairs.

The agreement that these repairs were to be made at the expense of the landlord was not a separate undertaking, but a part of the agreement of leasing, and the additional rent reserved was intended to cover the enhanced value of the premises to defendant.

The use of the term " net rents " in the clause providing that such rents were to be apportioned in case of a sale cannot be deemed to create a distinction between the $38,000 rent and the six per cent on the $20,000. The gross rents included both of these items, and also the taxes, assessments, water rents and insurance premiums. These last-named items would naturally continue to be charged against the defendant if it bought the property, and the other items would not, and were the only ones requiring apportionment.

If the agreement to pay the six per cent on the costs of the repairs was not to be regarded strictly as rent, but as remuneration for plaintiff for laying out its money for defendant's benefit, it seems strange that it should be declared, in a carefully drawn lease, to be " paid monthly as part of the rent reserved herein." Plaintiff contends that this was merely a convenient manner of providing for the payment, and was

intended only to require it to be paid monthly in the same manner as the rent. But where the party drafting the lease went out of his way to declare such payments to be a part of the rent, where he could just as easily have stated that it was to be paid at the same time and place as rent, and thus preserve some distinction as to the nature of the payments, such reasoning cannot be given much weight.

Finally, plaintiff contends that the intention of the parties must govern, as found in the lease. No intent to require defendant to continue to make the payments for a period of ten years, regardless of whether the lease continued to exist or not, can be found therein. The scope of the instrument includes matters pertaining only to the relationship of landlord and tenant. The lease provides for a rental of $38,000, with the premises in the condition they were then in. In case defendant required certain alterations, then evidently contemplated, the additional rental value was to be fixed at a sum equal to six per cent of the cost of the alterations, not to exceed $20,000. Any additional cost was to be borne by the defendant. The option to purchase was made with the knowledge that plaintiff had obligated itself to the extent of $20,000, and undoubtedly the purchase price was fixed with that in view. Had the intention been to make the liability of defendant for this interest, so called, absolute for the full period of ten years, it would have been clearly stated, in view of the contemplated sale of the premises by plaintiff to defendant, and not designated as rent, which would cease upon the sale of the premises.

The natural inference is that these sums were intended to be, and actually were, paid as part of the rent. None of the arguments advanced by plaintiff tends to overcome this natural inference, and the defendant is entitled to judgment, with costs.

CLARKE, P. J., LAUGHLIN, DOWLING and SMITH, JJ., concurred.

Judgment ordered for defendant, with costs. Order to be settled on notice.